```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 22, 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
 :
KEOL FORTUNE, :
 :
        Petitioner, :  15 Civ. 8134 (KPF)
 :
   v. :  <u>OPINION AND ORDER</u>
 :
LORETTA E. LYNCH, SECRETARY JEH :
JOHNSON, CHRISTOPHER SHANAHAN, :
and T. CASTILLO, :
 :
        Respondents. :
 :
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

  Petitioner Keol Fortune has filed a petition for a writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2241, in this District. Respondents now move to transfer the action to the United States District Court for the District of New Jersey. For the reasons stated in this Order, Respondents' motion is granted.

## BACKGROUND[1]

### A. Factual Background

  Petitioner is a citizen of Trinidad and Tobago, admitted to the United States as a Lawful Permanent Resident on August 1, 1996. (Pet. ¶ 14). On May 6, 2013, Petitioner pled guilty to a charge of Criminal Sale of a Controlled

---

[1] The facts in this Opinion are drawn from Petitioner's Petition for Writ of Habeas Corpus, designated as "Pet." (Dkt. #1). For convenience, Respondents' brief in support of their motion to transfer is referred to as "Resp. Br." (Dkt. #6), and Petitioner's brief in opposition is referred to as "Pet. Opp." (Dkt. #13).

Substance in the Third Degree, in violation of New York Penal Law § 220.39(1), for which he was sentenced to a term of five years' probation. (*Id.* at ¶¶ 25-26).

On or about October 8, 2014, Respondents served Petitioner with a Notice to Appear, alleging that Petitioner was subject to removal from this country based on his 2013 conviction, which constituted an aggravated felony. (Pet. ¶ 27). Petitioner was taken into custody and appeared at an initial hearing before Immigration Judge Gabriel C. Videla at the Executive Office of Immigration Review in October 2014. (*Id.* at ¶ 29). Petitioner has remained in immigration custody since that time, and has yet to receive a bond hearing. (*Id.* at 1, ¶¶ 28, 30).

B.  **Procedural Background**

On October 6, 2015, Petitioner, acting *pro se*, gave a copy of the Petition to prison officials at the Hudson County Correctional Facility in Kearny, New Jersey — the facility at which he has been detained — "for forwarding to the United States District Court of the Southern District of New York." (Pet. Ex. B). The Petition, filed in this District on October 15, 2016, seeks either vacatur of his prior conviction or an individualized bond hearing. (Dkt. #1). Respondents filed the instant motion to transfer venue to the United States District Court for the District of New Jersey on December 28, 2015. (Dkt. #5). Petitioner, now represented by counsel, filed his opposition on February 22, 2016. (Dkt. #13).

## DISCUSSION

**A.     Applicable Law**

In *Rumsfeld* v. *Padilla*, 542 U.S. 426 (2004), the Supreme Court observed that the "federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" *id.* at 434 (quoting 28 U.S.C. § 2242).  Hence, a petitioner seeking habeas relief should properly proceed against "some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge."  *Id.* at 435 (quoting *Wales* v. *Whitney*, 114 U.S. 564, 574 (1885)) (emphasis in *Padilla*).  The *Padilla* Court did not address, however, "the question of whether the Attorney General is a proper respondent to a habeas petition filed by an alien pending deportation." *Id.* at 435 n.8.

The Second Circuit has not yet addressed the question left open by *Padilla*.  However, a majority of district courts in the Second Circuit have applied the "immediate custodian" rule to aliens challenging their detention pending deportation.  *See, e.g., Concepcion* v. *Aviles*, No. 14 Civ. 8770 (AT), 2015 WL 7766228, at *1 (S.D.N.Y. Mar. 12, 2015) (applying immediate custodian rule to transfer habeas petition filed by a petitioner detained in New Jersey to the District of New Jersey); *Phrance* v. *Johnson*, No. 14 Civ. 3569 (TPG), 2014 WL 6807590, at *2 (S.D.N.Y. Dec. 3, 2014) (same); *Zhen Yi Guo* v. *Napolitano*, No. 09 Civ. 3023 (PGG), 2009 WL 2840400, at *5 (S.D.N.Y. Sept. 2, 2009) ("[Petitioner] was in custody at York County Prison in York, Pennsylvania

when he filed his habeas petition.  Accordingly, jurisdiction lies only in the United States District Court for the Middle District of Pennsylvania."); *Jagat* v. *United States*, No. 08 Civ. 1106 (JCH), 2008 WL 4538981, at *2 (D. Conn. Oct. 8, 2008) (noting that the majority of lower courts have applied the immediate custodian rule to core habeas petitions filed by incarcerated aliens); *Catellanos* v. *Mukasey*, No. 08 Civ. 2583 (SJF), 2008 WL 4185700, at *3 (E.D.N.Y. Sept. 8, 2008) (applying immediate custodian rule to core habeas petition filed by detained alien).

**B.   Analysis**

Respondents argue that Petitioner is presently detained in, and filed his petition from, New Jersey; consequently, under the immediate custodian rule, venue is properly laid in the District of New Jersey.  (Resp. Br. 5).  Petitioner responds that his challenge to his detention is not a "core" habeas petition within the meaning of *Padilla*, and thus the immediate custodian rule does not apply.  (Pet. Opp. 15).  The Court agrees with Respondents.

The *Padilla* majority defined "core challenges" in the habeas context as "challenges to [a petitioner's] present physical confinement," and stated that in such cases "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Padilla*, 542 U.S. at 435.  In the instant matter, Petitioner "challenges his continued detention in violation of [*Lora* v. *Shanahan*, 804 F.3d 601 (2d Cir. 2015)]," arguing that he has been impermissibly detained for more than six months without an individualized bond hearing.  (Pet. Opp. 17).

Petitioner thus asserts a challenge to his present physical confinement — the precise sort of "core challenge" with which *Padilla* was concerned.  *Cf. Nken* v. *Napolitano*, 607 F. Supp. 2d 149, 158 (D.D.C. 2009) (noting that "the majority of circuits that have addressed this question agree that no principled distinction exists between habeas actions brought by a prisoner and those brought by a detained alien").

The Court finds that the reasoning in *Padilla* counsels in favor of applying the immediate custodian rule to the instant matter.  Thus, because Petitioner is detained in and filed his petition from New Jersey, the appropriate venue for his habeas petition is the District of New Jersey.  *See Padilla*, 542 U.S. at 443 ("[T]he general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

## CONCLUSION

For the reasons stated in this Opinion, Respondents' motion to transfer is GRANTED.  The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey.

SO ORDERED.

Dated:   March 22, 2016
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge